UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALLEN ROBINSON, § | |
| § | |
| Plaintiff, § | |
| versus § | CIVIL ACTION H-06-570 |
| § | |
| § | |
| AMERICAN ACRYL NA, LLC, § | |
| § | |
| Defendant. § | |

# Opinion on Summary Judgment

1. *Introduction.*

A man sued his previous employer for race and age discrimination. He claims it denied him a promotion because of his age and terminated him because he is black. To win, he must prove the employer's legitimate explanations are lies, but he cannot. The employer moved for summary judgment and will prevail.

2. *Background.*

Allen Robinson, a black male, was 47 years old when he began working in a chemical plant as a technician with American Acryl in October 2001. Tracy Foreman, the laboratory supervisor, and Randy Perry, the manager of human resources, hired him. Foreman is black and was 34 years old. Perry is white and was 45 years old.

That same month, Foreman and Perry hired a 43 year old black male named Michael Jackson, a 48 year old white female named Sally Walser, and a 35 year old white male named Curtis Pitts.

In December 2002, the company hired David Chenevert, a 28 year old black male, as a contract technician to replace Pitts. The company made Chenevert a regular employee in June 2003. In June 2004, Foreman promoted Chenevert to step-up supervisor.

Around May 2004, Foreman and Perry contracted Tim Kizito, a 41 year old black male, and about a month later, Ronald White, a 30 year old white male, as technicians.

In October 2004, the company began reorganizing the laboratory, causing a reduction in staff. In a meeting that October, Perry revealed the plan to the technicians.

In December 2004, Foreman evaluated company-employed technicians. Robinson objected to parts of his annual review and submitted a written rebuttal.

A routine physical in January 2005 revealed Robinson had elevated liver enzymes. Robinson went on paid leave for treatment and to allow doctors to determine whether chemicals in the lab caused the condition.

During Robinson's leave, White became a regular employee. According to Foreman, White continued the same work as when he was a contract technician. Foreman says that Chenevert eventually covered Robinson's shift.

In a meeting on July 25, 2005, Perry terminated Robinson. American Acryl says the reorganization required the reduction in force, and that they used the most recent performance evaluation to determine whom to terminate. Robinson scored lowest.

4.  *Fourteenth Amendment.*

Robinson has no claim under the Fourteenth Amendment to the United States Constitution. It applies to state actions. Robinson has no state actor.

5.  *Limits.*

Robinson claims age and race discrimination. Federal age discrimination laws require that a plaintiff file a charge with the commission within 300 days of a discriminatory event. Robinson filed on August 11, 2005. His age discrimination claims based on events before October 16, 2004, are barred.

Governed by a four-year limitation, his race claims under federal law are timely. *See Jones v. Donnelley*, 541 U.S. 369 (2004).

The Texas Labor Code requires a plaintiff to file within 180 days. State claims before February 10, 2004, are barred.

6. *Promotion.*

Robinson's claim of age discrimination for Chenevert's promotion is time-barred. Robinson disagrees, saying merely that the claim "is not barred by any statute of limitations." Then Robinson seems to agree, arguing that the incident is "background evidence in support of a timely claim." Because Chenevert's promotion is a discrete act outside of the filing period, it is barred.

Even without the limit, Robinson could not prove discrimination motivated Chenevert's promotion. He tries by saying that Foreman promoted Chenevert without a job posting and that Foreman "groomed" Chenevert for his position. Failure to post the position is not evidence of age discrimination against Robinson. The law affords him no right to procedural regularity. Posting would have been an empty gesture because Foreman knew both Robinson and Chenevert.

"Grooming" an employee is not discrimination unless motivated by illegal bias. Younger workers should need more training than someone who has been on the job for several years. Foreman says she promoted Chenevert because of his ability. His performance evaluations support that. Robinson cannot show that Foreman promoted Chenevert because he was younger.

7. *Termination.*

Robinson says that his race and age caused his termination. Robinson must first establish a legally sufficient appearance of discrimination. Robinson satisfies this: he is in a protected class, the company terminated him, and an unprotected worker remained employed. Because the company gave a legal reason for terminating him, Robinson must then show that the reason is pretext. He must prove that the company is lying. He cannot.

A. *Pretext.*

American Acryl's reorganization required a labor reduction.  The company says they used annual evaluation scores to decide which employee to terminate.  Robinson scored lowest.  He offers several facts to support his argument that the company is lying.  To prevail on summary judgment, Robinson must offer evidence supporting an inference of discrimination.  His evidence does not.

(1) *Remarks.*

When Perry told the technicians about the reorganization, White may have said that he knew he would be terminated.  Perry is said to have responded, "[T]hat's not true.  It could be anyone and that [sic] the best man would win."  Robinson believes Perry's remark proves illegal bias.  No reasonable person could believe this.  Perry did not say the "youngest man" or "white man" would win.  Assuring a younger white man that Perry would conduct the process fairly was not discriminatory.  It was the appropriate response.

(2) *Qualifications.*

Robinson thinks he was better qualified than Chenevert and White.  To win, he must be able to show that he was "clearly better qualified." *Manning v. Chevron Chemical Co.* 332 F.3d 874, 882 (2003).  Robinson's education and laboratory experience does not make him clearly better qualified.  Neither does his tenure at the company.  See *Price v. Fed. Express Corp.* 283 F.3d 715 (5th Cir. 2002).  To create a genuine fact issue, qualification disparities should be so substantial that no reasonable, impartial person would retain Chenevert or White over Robinson.  The record does not support that.

(3) *Secret Paper.*

Robinson says that Foreman did not show him his unfavorable mid-year review.  He was not entitled to that.  Foreman says she *performed* mid-year reviews, not *shared* them.  There is no evidence that other employees saw their mid year reviews.

Further, Robinson alleges a "secret paper trail" but cannot support his suspicion. He speculates that the mid-year review was fictional, created to cover an illegal termination. Foreman evaluated Robinson every day; she was answerable to her supervisors for his performance. This was a workplace – not a game of Simon Says. The record's absence of other employees' mid-year review does not, without more, discredit Foreman's statement that she performed the reviews on all technicians. Robinson needs facts – not claims – to support an inference of pretext.

(4)     *Rebuttal*.

Robinson submitted a written rebuttal to his annual performance appraisal. Foreman says she discussed the rebuttal with him; Robinson claims she is lying. The files contain a talking-points memorandum about the meeting, but that does not prove the meeting took place. No matter. Even assuming that Foreman is lying, Robinson does not tell how one could infer discrimination from this. To prevail, he must show that the company lied about their reason for terminating him when the real reason was illegal. Creating random doubts in the company's story does not.

B.      *Same Actors*

A company likely would not hire someone, then illegally discriminate against him through the same people. Robinson insists that the same-actor inference does not apply in his case. He is wrong. He argues the law says that the inference applies only when the same actor hires, then terminates, an employee "within a short period of time". *Brown v. CSC Logic*, 82 F.3d 651, 658 (5th Cir. 1996). The court inferred no discrimination where an employer hired, then fired, an employee "only four years later." *Id.* at 658. The company terminated Robinson less than four years after hiring him. Further, Foreman's race and Perry's age strengthen the inference. The same-actor inference creates a presumption that Foreman and Perry did not unlawfully discriminate against Robinson.

4.  *Conclusion.*

Robinson cannot show that the company illegally discriminated against him. The company offered valid reasons for terminating him and promoting another. Further, the decision-makers – both in protected classes themselves – also hired him, creating an inference that his age and race did not matter. Robinson cannot survive summary judgment on suspicion and speculation alone – he must have supporting facts. He offers none and will take nothing.

Signed on February 8, 2007, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge